Filed 10/15/21  P. v. Rincon CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN PATRICK RINCON,<br><br>    Defendant and Appellant. | F079800<br><br>(Super. Ct. No. 17CR-05106A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Stephanie A. Mitchell, for Plaintiff and Respondent.

-ooOoo-

Two jail inmates—Steven Patrick Rincon and Reyes James Carrillo—were convicted of murder after they attacked and killed a fellow inmate.  Rincon contends the

court erred by imposing certain fines and fees without first conducting an ability-to-pay hearing. We disagree and affirm.

## BACKGROUND

**Charges**

Rincon was indicted by grand jury for murder (Pen. Code,[1] § 187). The indictment further alleged prior strike and prior serious felony enhancements (§§ 667, subds. (b)-(i) & 667, subd. (a)(1)).

**Trial Evidence**

The incident in this case was captured on a jail surveillance camera. The video depicts several inmates in a cell. About one minute into the video, Carrillo enters the sleeping quarters after which the victim emerges from atop a bunkbed and exits the room. Carrillo follows behind.

Rincon is seated on a toilet near a table. The victim sits at a table directly in front of Rincon. Within seconds, Rincon attacks the victim from behind. Carrillo joins in and the attack lasts nearly 12 minutes. The victim "died several days later."

A forensic pathologist testified "blunt-impact head injuries" caused death. Those injuries included a broken nose, broken bones near the eyes, "lacerations and impacts to [the] face and … scalp," and blood clogging "the airways into the back of [the] throat" resulting in "irreversible brain injury."

**Verdict and Sentence**

Rincon was found guilty as charged and sentenced to serve 55 years to life in prison. The sentence included a $10,000 restitution fine, a $40 operation fee, and a $30 conviction fee.[2]

---

[1] All undesignated statutory references are to the Penal Code.

[2] These monetary obligations were imposed pursuant to sections 1202.4, 1465.8, and Government Code, section 70373, respectively.

2.

## DISCUSSION

This appeal presents one question: Did the court prejudicially err in imposing the mentioned fines and fees?  We conclude the answer is no.

### A.  Additional Background

During sentencing, Rincon's counsel asked the court to "withdraw the order for restitution fine unless it finds his ability to earn any earnings while in prison for practically the rest of his life."  The court declined, noted the "objection," and stated, "I do know [inmates] can earn money at the Department of Corrections."

### B.  Analysis

Rincon claims "[i]mposing fines and assessments … without determining … a present ability to pay violate[s] … state and federal due process rights and [the] right to equal protection."  We find no prejudicial error in this case.

"[A] defendant bears the burden of proof on [ability to pay].  [Citations.]  Thus, … upon proper objection, the court must hold a hearing at which defendant will have an opportunity to bear his burden of proof on the issue of ability to pay." (*People v. Cowan* (2020) 47 Cal.App.5th 32, 49-50 (*Cowan*).)

In our view, the court's unilateral statement regarding knowledge about inmate earning capacity hardly substitutes for an actual hearing on ability to pay.  Nonetheless, we find any failure to hold a full hearing harmless beyond a reasonable doubt.

Rincon made no effort to discharge his burden to prove an inability to pay.[3] Instead, he placed a burden to prove an ability to pay on the court.  His shortcoming forfeits his claim: "Because the $10,000 restitution fine the trial court imposed far exceeded the statutory minimum of $300, [he] had the opportunity to argue he was

---

**3** Rincon largely bases his argument on *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  He was sentenced after that case was decided.  Notably, he did file a written sentencing memorandum but did not discuss fines or fees.  Neither did he offer any substance during a statutory-presentencing interview.

unable to pay it, but he did not.  By failing to … argue he did not have the ability to pay the … restitution fine, [Rincon] forfeited the argument the court violated his constitutional rights …."[4]  (*People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033.) By choosing not to argue against "the $10,000 restitution fine … [he] left no doubt he would not have challenged the much lower assessments …."  (*Id.* at p. 1034.) Accordingly, any error in failing to hold a full hearing is harmless beyond a reasonable doubt.

## DISPOSITION

The judgment is affirmed.

SNAUFFER, J.

WE CONCUR:

POOCHIGIAN, ACTING P. J.

SMITH, J.

---

**4** Indeed, in setting a restitution fine above the statutory minimum, a trial court is required to consider "the defendant's inability to pay ..." (§ 1202.4, subd. (d).)  Nothing in the record suggests the court failed in this regard.